**FILED - GR**

May 18, 2026 9:51 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: ⟋ᴡ / 5-1⟋

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

**1:26-cv-1619**
**Jane M. Beckering**
**U.S. District Judge**

**BRADLEY JAY DORLAND**,

Plaintiff,

v.

**STATE COURT ADMINISTRATIVE OFFICE (SCAO)**, sued in official capacity for prospective injunctive and declaratory relief;

**MICHIGAN DEPARTMENT OF TECHNOLOGY, MANAGEMENT AND BUDGET (DTMB)**, sued in official capacity for prospective injunctive and declaratory relief;

**MICHIGAN STATE POLICE (MSP)**, sued in official capacity for prospective injunctive and declaratory relief;

**OTTAWA COUNTY SHERIFF'S OFFICE**, sued in individual and official capacities;

**JUSTIN F. ROEBUCK**, Ottawa County Clerk of the Court, sued in individual and official capacities;

**OTTAWA COUNTY FRIEND OF THE COURT (FOC)**, sued in individual and official capacities;

**DOES 1–10**,

Defendants.

Case No.: _____

Hon.: _____

**COMPLAINT FOR SYSTEMIC ADMINISTRATIVE FAILURE AND VIOLATION OF FEDERAL CIVIL RIGHTS**

(42 U.S.C. § 1983; First, Fourth, and Fourteenth Amendments; ADA Title II; Michigan FOIA)

**JURY TRIAL DEMANDED**

**TABLE OF CONTENTS**

I. Nature of the Action

II. Jurisdiction and Venue

III. Parties

IV. Factual Allegations

  A. Background

  B. SCAO Oversight Failures

  C. DTMB Technology and MiCOURT Failures

  D. MSP LEIN and Records Failures

  E. Sheriff Administrative and Service-Log Failures

  F. Clerk FOIA and Docketing Failures

  G. FOC Administrative and Support-Accounting Failures

  H. Bond Seizure and Unlawful Disbursement

  I. Pattern and Practice

V. Causes of Action

VI. Prayer for Relief

VII. Jury Demand

VIII. Verification

## TABLE OF AUTHORITIES

### Cases

#### United States Supreme Court

**Ex parte Young**, 209 U.S. 123 (1908)
**Monell v. Department of Social Services**, 436 U.S. 658 (1978)
**Tennessee v. Lane**, 541 U.S. 509 (2004)
**City of Canton v. Harris**, 489 U.S. 378 (1989)
**Cleveland Bd. of Educ. v. Loudermill**, 470 U.S. 532 (1985)
**Mathews v. Eldridge**, 424 U.S. 319 (1976)
**Bounds v. Smith**, 430 U.S. 817 (1977)
**Lewis v. Casey**, 518 U.S. 343 (1996)

#### Sixth Circuit

**Andrews v. Ohio**, 104 F.3d 803 (6th Cir. 1997)
**Jones v. City of Cincinnati**, 521 F.3d 555 (6th Cir. 2008)
**Henderson v. City of Flint**, 751 F. App'x 618 (6th Cir. 2018)
**Johnson v. City of Memphis**, 617 F.3d 864 (6th Cir. 2010)
**Kuhn v. Washtenaw County**, 709 F.3d 612 (6th Cir. 2013)
**Hollis v. Chestnut Bend Homeowners Ass'n**, 760 F.3d 531 (6th Cir. 2014)

#### Michigan Courts

**Herald Co. v. Bay City**, 463 Mich. 111 (2000) (FOIA)
**Detroit Free Press v. City of Southfield**, 269 Mich. App. 275 (2005) (FOIA deadlines)
**Kestenbaum v. Michigan State Univ.**, 97 Mich. App. 5 (1980) (recordkeeping obligations)
**People v. Waclawski**, 286 Mich. App. 634 (2009) (court-record integrity)

### Statutes

#### Federal Statutes

**42 U.S.C. § 1983** — Civil action for deprivation of rights
**42 U.S.C. § 1988** — Attorney's fees
**42 U.S.C. § 12131–12134** — ADA Title II

**28 U.S.C. § 1331** — Federal question jurisdiction
**28 U.S.C. § 1343** — Civil rights jurisdiction
**28 U.S.C. § 1367** — Supplemental jurisdiction
**28 U.S.C. §§ 2201–2202** — Declaratory Judgment Act

---

## Michigan Statutes

## Michigan FOIA (MCL 15.231 et seq.)

- **MCL 15.235(2)** — 5-day response requirement
- **MCL 15.235(3)** — Extension requirements
- **MCL 15.240(7)** — Punitive damages for arbitrary/capricious violations

## Friend of the Court Act (MCL 552.501 et seq.)

- **MCL 552.509** — Support-accounting requirements

## Court Administration Statutes

- **MCL 600.8271** — SCAO supervisory duties
- **MCL 600.8273** — SCAO authority to enforce administrative standards

## Michigan LEIN Statutes

- **MCL 28.214** — LEIN accuracy and maintenance
- **MCL 28.215** — LEIN dissemination requirements

---

## Regulations

## ADA Title II Regulations (28 C.F.R. Part 35)

**28 C.F.R. § 35.105** — Self-evaluation
**28 C.F.R. § 35.106** — Notice of ADA rights
**28 C.F.R. § 35.107** — ADA coordinator and grievance procedures
**28 C.F.R. § 35.130** — General prohibitions against discrimination
**28 C.F.R. § 35.160** — Effective communication
**28 C.F.R. § 35.164** — Limits of required modifications

## Administrative Authorities

### SCAO Administrative Standards

- Michigan Trial Court Records Management Standards

- SCAO Record Retention & Disposal Schedule

- SCAO Technology Standards for MiCOURT Systems

### DTMB Technology Standards

- State of Michigan Enterprise Security Policies

- DTMB Digital Records Management Standards

### LEIN Administrative Rules

- Michigan State Police LEIN Policy Manual

- LEIN Field Services Division Operational Standards

---

### Secondary Authorities

**Restatement (Second) of Torts** — Gross negligence principles

**Restatement (Second) of Judgments** — Record integrity and due process

**Wright & Miller, Federal Practice and Procedure** — §1983 administrative liability

---

## I. NATURE OF THE ACTION

1. Plaintiff **Bradley Jay Dorland**, a United States Army veteran and pro se litigant, brings this action under **42 U.S.C. § 1983**, the **First, Fourth, and Fourteenth Amendments, Title II of the Americans with Disabilities Act**, and the **Michigan Freedom of Information Act (FOIA)** to redress **systemic administrative failures** by Michigan state agencies and Ottawa County administrative entities.

2. This Complaint addresses **administrative-level misconduct**, including failures in:

   - statewide court oversight (SCAO),
   - judicial information systems (DTMB),
   - LEIN accuracy (MSP),
   - FOIA compliance (Clerk, Sheriff, FOC, SCAO, DTMB),
   - support accounting (FOC),
   - service-of-process documentation (Sheriff),
   - ADA Title II accommodation processing (all public entities),
   - MiCOURT audit-log integrity (SCAO + DTMB),
   - recordkeeping and docketing (Clerk),
   - enforcement systems (Sheriff + FOC).

3. These failures **deprived Plaintiff of due process, equal protection, access to courts, ADA-required accommodations, accurate records, and property interests**, and caused direct harm to Plaintiff's liberty, finances, and parental rights.

4. This Complaint **does not challenge judicial rulings** or judicial conduct.
   It challenges **administrative actors and systems** whose statutory duties include:

   - maintaining accurate records,
   - ensuring accessible technology,
   - processing FOIA requests,
   - maintaining LEIN accuracy,
   - enforcing court orders lawfully,
   - ensuring ADA compliance.

5. Plaintiff seeks:

   - **prospective injunctive relief** against state-level defendants under *Ex parte Young*;
   - **damages and Monell relief** against county-level defendants;

- **statutory FOIA damages**;
- **ADA Title II compliance orders**;
- **correction of inaccurate LEIN entries**;
- **correction of MiCOURT audit-log deficiencies**;
- **accurate support accounting**;
- **accurate service-of-process logs**.

6. Defendants' failures denied Plaintiff meaningful access to public services by reason of his disabilities, satisfying the causation requirement of 42 U.S.C. § 12132.

## II. JURISDICTION AND VENUE

6. This Court has **federal question jurisdiction** under **28 U.S.C. § 1331** because Plaintiff asserts claims under the Constitution, ADA Title II, and 42 U.S.C. § 1983.

7. Jurisdiction is proper under **28 U.S.C. § 1343(a)(3)–(4)** for civil-rights actions seeking redress for constitutional violations under color of state law.

8. Supplemental jurisdiction exists under **28 U.S.C. § 1367(a)** for related state-law claims, including Michigan FOIA and gross negligence.

9. Declaratory and injunctive relief are authorized by **28 U.S.C. §§ 2201–2202**.

10. Plaintiff brings claims against **SCAO, DTMB, and MSP** only in their **official capacities** and seeks **prospective relief** under the **Ex parte Young** doctrine.

11. Plaintiff does not seek monetary damages from SCAO, DTMB, or MSP. Plaintiff seeks only prospective declaratory and injunctive relief to remedy ongoing violations of federal law, consistent with Ex parte Young, 209 U.S. 123 (1908). These state-level defendants are sued solely to ensure future compliance with federal constitutional and statutory requirements.

12. County defendants (Sheriff's Office, Clerk, FOC) are "persons" under §1983 and are subject to **Monell** liability for unconstitutional customs, policies, and practices.

13. Venue is proper under **28 U.S.C. § 1391(b)** because all defendants reside or conduct official duties in this District and all events occurred in Ottawa County, Michigan.

14. Plaintiff's Michigan FOIA claims arise under state law and fall within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as they form part of the same case or controversy as Plaintiff's federal claims.

### III. PARTIES

#### A. Plaintiff

13. Plaintiff **Bradley Jay Dorland** is a natural person, a United States Army veteran, and a resident of Ottawa and/or Allegan County, Michigan. Plaintiff is the surviving biological parent of minor children involved in Ottawa County Circuit Court Case No. 2019-92396-DM.

14. Plaintiff is a **qualified individual with disabilities** under **Title II of the Americans with Disabilities Act**, 42 U.S.C. § 12131(2), and required reasonable modifications to meaningfully access court and administrative processes.

15. Plaintiff proceeded primarily **pro se**, making him directly dependent on the accuracy, accessibility, and integrity of the administrative systems operated by Defendants.

#### B. Defendant State Court Administrative Office (SCAO)

16. Defendant **State Court Administrative Office (SCAO)** is the administrative arm of the Michigan Supreme Court, responsible for statewide court administration, oversight of trial-court operations, recordkeeping standards, Friend of the Court supervision, and compliance with state and federal law.

17. SCAO is sued **in its official capacity only** for **prospective declaratory and injunctive relief** under Ex parte Young, 209 U.S. 123 (1908).

#### C. Defendant Michigan Department of Technology, Management and Budget (DTMB)

18. Defendant **DTMB** is responsible for the design, operation, and maintenance of statewide court-technology systems, including MiCOURT, e-filing platforms, digital record storage, and FOIA-related infrastructure.

19. DTMB is sued **in its official capacity only** for **prospective declaratory and injunctive relief**.

#### D. Defendant Michigan State Police (MSP)

20. Defendant **Michigan State Police (MSP)** maintains the **Law Enforcement Information Network (LEIN)** and disseminates criminal and civil data to courts and law-enforcement agencies statewide.

21. MSP is sued **in its official capacity only** for **prospective declaratory and injunctive relief**.

### E. Defendant Ottawa County Sheriff's Office

22. Defendant **Ottawa County Sheriff's Office** is a municipal law-enforcement entity responsible for service of process, enforcement of court orders, detention records, and administrative enforcement functions.

23. Defendant Ottawa County Sheriff's Office is sued in its official capacity under 42 U.S.C. § 1983 and Monell. Individual deputies responsible for administrative failures will be named once identified.

### F. Defendant Justin F. Roebuck, Ottawa County Clerk

24. Defendant **Justin F. Roebuck** is the elected Ottawa County Clerk and statutory custodian of court records, responsible for docketing, record maintenance, FOIA compliance, financial account management, and transmission of appellate records.

25. Roebuck is sued **in his individual and official capacities**.

### G. Defendant Ottawa County Friend of the Court (FOC)

26. Defendant **Ottawa County Friend of the Court (FOC)** is a county administrative entity responsible for support accounting, enforcement, parenting-time records, and statutory recordkeeping under MCL 552.501 et seq.

27. FOC is sued **in its individual and official capacities** under §1983 and Monell.

### H. Doe Defendants 1–10

28. Doe Defendants are unknown state or county employees who participated in, directed, or knowingly permitted the administrative failures described herein.

Plaintiff will amend this Complaint to identify them once discovery reveals their identities.

## IV. FACTUAL ALLEGATIONS

### A. Background

29. Plaintiff is the surviving biological parent of minor children in Ottawa County Circuit Court Case No. 2019-92396-DM. After the death of the custodial parent, Plaintiff sought to exercise his parental rights and participate meaningfully in all legal and administrative processes affecting his children.

30. Plaintiff's ability to access court records, file documents, obtain transcripts, receive FOIA responses, and participate in enforcement processes was repeatedly obstructed by systemic administrative failures across multiple state and county agencies.

31. Plaintiff is a **qualified individual with disabilities** under the ADA and required accessible administrative processes, including assistance with electronic records, extended time to review digital files, and alternative formats for court documents.

32. Plaintiff repeatedly requested reasonable modifications under Title II of the ADA, including assistance accessing electronic records, extended time to review digital files, alternative formats for court documents, and accessible communication methods. These requests were denied, ignored, or constructively denied through nonresponse. No interactive process occurred, no written determinations were issued, and no reasonable modifications were provided. Defendants' failure to process ADA requests denied Plaintiff meaningful access to court processes in violation of 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7).

33. These requests were **denied, ignored, or constructively denied** through non-response. No interactive process occurred, no written determinations were issued, and no reasonable modifications were provided.

34. The failure to process ADA requests denied Plaintiff **meaningful access** to court processes in violation of **42 U.S.C. § 12132** and **28 C.F.R. § 35.130(b)(7)**.

35. These failures were not isolated incidents but reflected **systemic deficiencies** in oversight, technology, recordkeeping, FOIA compliance, LEIN accuracy, and administrative enforcement practices.

## B. SCAO — Systemic Oversight Failures

36. SCAO is responsible for statewide court administration, including oversight of trial-court operations, recordkeeping standards, and Friend of the Court offices.

37. SCAO failed to maintain adequate oversight of Ottawa County's administrative systems despite having actual or constructive knowledge of:

- inaccurate docketing,
- missing transcripts,
- FOIA noncompliance,
- MiCOURT inconsistencies,
- FOC accounting errors,
- Sheriff service-log failures.

38. SCAO failed to fulfill its statutory duties under MCL 600.8271 and MCL 600.8273, which require the State Court Administrator to supervise court operations, ensure accurate recordkeeping, and enforce compliance with statewide administrative standards. SCAO's failure to intervene despite known deficiencies directly contributed to missing records, inaccurate dockets, unavailable transcripts, and impaired appellate rights, demonstrating deliberate indifference to Plaintiff's constitutional and statutory protections.

39. SCAO failed to fulfill its statutory duties under **MCL 600.8271** and **MCL 600.8273**, which require the State Court Administrator to:

- supervise court operations,
- ensure accurate recordkeeping,
- enforce compliance with statewide administrative standards.

40. These failures prevented Plaintiff from obtaining transcripts, filing appeals, and accessing documents necessary to participate in his own case.

## C. DTMB — Technology and MiCOURT Failures

41. DTMB operates and maintains statewide court-technology infrastructure, including MiCOURT, e-filing systems, digital record storage, and FOIA-related platforms.

42. Plaintiff repeatedly encountered technology failures, including:

- inability to e-file documents,
- missing or incomplete docket entries,

- corrupted or inaccessible digital records,
- inconsistent case-history data,
- FOIA delays caused by DTMB system failures.

43. DTMB failed to maintain accessible systems for pro se litigants and failed to provide ADA-required accommodations.

44. DTMB failed to maintain or produce **MiCOURT audit logs**, preventing Plaintiff from:

- verifying filing dates,
- confirming receipt of submissions,
- identifying unauthorized alterations to the docket.

45. Missing or inconsistent audit logs deprived Plaintiff of the ability to verify the accuracy of the judicial record, a core component of procedural due process. Without complete audit-log metadata, Plaintiff could not confirm whether filings were received, processed, altered, or omitted, which directly impaired his ability to challenge administrative errors, pursue appeals, and protect his rights.

46. Missing or inconsistent audit logs deprived Plaintiff of the ability to challenge administrative errors and undermined the integrity of the judicial record, constituting a **denial of due process**.

47. DTMB had actual or constructive knowledge of these deficiencies but failed to take corrective action.

## IV. FACTUAL ALLEGATIONS (CONTINUED)

### D. MSP — LEIN and Records Failures

47. Defendant **Michigan State Police (MSP)** maintains the **Law Enforcement Information Network (LEIN)**, which disseminates criminal and civil information to law-enforcement agencies and courts statewide.

48. LEIN entries concerning Plaintiff were **inaccurate, incomplete, outdated, or erroneous**, including:

- incorrect warrant status,
- incorrect case status,
- incorrect bond information,
- incorrect enforcement status,
- outdated or contradictory entries.

49. These inaccuracies were accessible to, and relied upon by:

- Ottawa County Sheriff's Office personnel,
- Ottawa County Clerk staff,
- Friend of the Court personnel,
- judicial officers,
- MSP troopers,
- other law-enforcement agencies.

50. Unknown MSP Troopers personally relied on inaccurate LEIN entries during enforcement actions involving Plaintiff, establishing the personal involvement required for individual-capacity liability under 42 U.S.C. § 1983

51. MSP failed to provide Plaintiff with a meaningful mechanism to challenge or correct inaccurate LEIN entries, despite Plaintiff's repeated attempts to obtain corrections.

51. Inaccurate LEIN entries directly contributed to adverse enforcement actions, including improper bond determinations, heightened enforcement scrutiny, reliance on erroneous information by law-enforcement officers, unlawful stops and detentions, and reputational harm. These inaccuracies materially influenced judicial and administrative decisions and exposed Plaintiff to unlawful arrest, detention, and enforcement actions, satisfying the causation requirement for a Fourteenth Amendment due-process claim.Inaccurate LEIN entries directly contributed to adverse enforcement actions, including:

- improper bond determinations,
- heightened enforcement scrutiny,
- reliance on erroneous information by law-enforcement officers,
- unlawful stops and detentions,
- reputational harm and increased suspicion by officers.

52. These inaccuracies materially influenced judicial and administrative decisions and exposed Plaintiff to **unlawful arrest, detention, and enforcement actions**, violating the Fourteenth Amendment.

## E. Ottawa County Sheriff — Administrative and Service-Log Failures

53. Defendant **Ottawa County Sheriff's Office** is responsible for:

- service of process,

- execution of court orders,
- detention and release records,
- maintaining service-of-process logs,
- maintaining chain-of-custody documentation for warrants and orders.

54. Plaintiff repeatedly requested service logs and enforcement records through FOIA and administrative channels.

55. The Sheriff's Office failed to maintain accurate service logs, including:

- missing dates of service,
- missing times of service,
- missing methods of service,
- missing deputy identifiers,
- inconsistent or contradictory entries.

56. The Sheriff's Office failed to maintain accurate service-of-process logs in violation of statutory and administrative requirements. Missing or inaccurate service records prevented Plaintiff from verifying whether notices were properly served and resulted in enforcement actions based on defective or nonexistent service, depriving Plaintiff of notice and procedural due process.

57. The Sheriff selectively enforced orders **against** Plaintiff while failing to enforce orders **in Plaintiff's favor**, reflecting an unconstitutional custom of differential treatment of pro se litigants and noncustodial parents.

58. These failures deprived Plaintiff of procedural protections, contributed to incomplete appellate records, and caused direct injury.

---

### F. Ottawa County Clerk — FOIA and Docketing Failures

59. Defendant **Justin F. Roebuck**, as Ottawa County Clerk, is responsible for:

- docketing filings,
- maintaining accurate court records,
- FOIA compliance,
- financial account management,
- transmission of appellate records.

60. Plaintiff submitted multiple FOIA requests seeking:

- *docket sheets,*
- *filings,*
- *financial records,*
- *bond-account information,*
- *MiCOURT audit-log metadata,*
- *service-of-process logs.*

*Defendant Clerk violated multiple provisions of the Michigan Freedom of Information Act, including MCL 15.235(2), which requires a written response within five business days; MCL 15.235(3), which requires a lawful notice of extension stating specific reasons; and MCL 15.240(7), which mandates punitive damages for arbitrary and capricious violations. Plaintiff's FOIA requests were constructively denied through untimely responses, incomplete productions, failure to provide mandatory explanations for withholding or delay, and failure to certify the nonexistence of requested records.*

61. *The Clerk failed to provide timely, complete, or accurate FOIA responses.*

62. *Defendant Clerk violated multiple provisions of the **Michigan Freedom of Information Act**, including:*

   - **MCL 15.235(2)** — *requiring a written response within five business days;*
   - **MCL 15.235(3)** — *requiring a lawful notice of extension with specific reasons;*
   - **MCL 15.240(7)** — *mandating punitive damages for arbitrary and capricious violations.*

63. *Plaintiff's FOIA requests were **constructively denied** through:*

   - *untimely responses,*
   - *incomplete productions,*
   - *failure to provide mandatory explanations for withholding or delay,*
   - *failure to certify nonexistence of records.*

64. *Plaintiff's filings were mis-docketed, omitted, or assigned incorrect dates, creating an inaccurate and incomplete record.*

65. *The Clerk failed to transmit complete appellate records, causing Plaintiff to lose appellate opportunities and be denied meaningful review.*

66. *The Clerk facilitated or failed to prevent the **unlawful disbursement of Plaintiff's bond funds** without notice or lawful authority.*

## G. Ottawa County Friend of the Court — Administrative and Support-Accounting Failures

67. Defendant **Ottawa County Friend of the Court (FOC)** is responsible for:

- support accounting,
- enforcement tracking,
- parenting-time records,
- administrative recommendations,
- statutory recordkeeping under MCL 552.501 et seq.

68. Plaintiff's support accounting contained:

- missing payments,
- incorrect arrearage balances,
- misapplied credits,
- inconsistent entries across systems.

69. The Friend of the Court failed to maintain accurate support-accounting records as required by MCL 552.509, including records of payments, arrearages, credits, disbursements, and enforcement actions. These inaccuracies resulted in improper arrearage calculations, adverse credit reporting, administrative sanctions, and enforcement actions based on incorrect information, depriving Plaintiff of property without due process of law.

70. These inaccuracies caused:

- financial discrepancies,
- improper arrearage calculations,
- adverse credit reporting,
- administrative sanctions,
- enforcement actions based on incorrect information.

71. The FOC disbursed funds without valid court orders, without notice to Plaintiff, and without providing an opportunity to contest the disbursement.

72. The FOC failed to process Plaintiff's enforcement requests neutrally, deprioritizing or ignoring requests that would have benefited Plaintiff.

---

## H. Bond Seizure and Unlawful Disbursement

73. Funds associated with Plaintiff's legal proceedings were seized and disbursed without lawful authority.

74. No valid court order authorized the disbursement of Plaintiff's bond funds.

75. Plaintiff received no notice or opportunity to contest the seizure or disbursement.

76. The unlawful disbursement constitutes:

- a **Fourth Amendment** unlawful seizure of property,
- a **Fourteenth Amendment** deprivation of property without due process,
- a violation of Michigan statutory requirements governing bond and trust accounts.

77. The unlawful disbursement also violated Michigan's statutory requirements governing bond and trust accounts, including MCL 765.28, which requires proper judicial authorization and notice before disbursement of bond funds.

---

### I. Pattern and Practice

77. The administrative failures described in Sections B through H are not isolated incidents but reflect **systemic, institutionalized deficiencies** across multiple agencies.

78. These failures disproportionately harm:

- pro se litigants,
- disabled litigants,
- noncustodial parents,
- individuals dependent on administrative accuracy.

79. These failures were not isolated incidents but reflected a widespread, longstanding custom known to policymakers. Ottawa County officials had actual or constructive knowledge of these deficiencies and failed to implement corrective measures, demonstrating deliberate indifference under Monell v. Department of Social Services, 436 U.S. 658 (1978).

80. Defendants acted with **deliberate indifference** to Plaintiff's constitutional rights.

81. These systemic failures are ongoing and continue to pose a substantial risk of future harm absent judicial intervention.

82. Ottawa County maintained customs and practices of (1) failing to maintain accurate service-of-process logs, (2) failing to verify judicial signatures, (3) failing to maintain

accurate support-accounting records, (4) failing to comply with FOIA deadlines, and (5) failing to maintain accurate MiCOURT audit logs. These customs were widespread, longstanding, and known to policymakers, and they directly caused the constitutional violations suffered by Plaintiff.

## V. CAUSES OF ACTION

**COUNT I — Violation of Title II of the Americans with Disabilities Act**

**42 U.S.C. § 12132; 28 C.F.R. Part 35**

**Defendants: SCAO, DTMB, FOC, Clerk's Office, Sheriff's Office, MSP (Official Capacities)**

1. Plaintiff is a qualified individual with disabilities under 42 U.S.C. § 12131(2).

2. Defendants are public entities subject to Title II of the ADA.

3. Plaintiff requested reasonable modifications necessary to access:
   a. court services;
   b. administrative processes;
   c. electronic records;
   d. FOIA responses;
   e. support-accounting records.

4. Defendants failed to:
   a. acknowledge requests;
   b. engage in the interactive process;
   c. provide reasonable modifications;
   d. issue written determinations;
   e. maintain ADA-required procedures.

5. Defendants' failures denied Plaintiff meaningful access to public services in violation of 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7).

6. Plaintiff was denied meaningful access to public services **by reason of his disabilities**, in violation of 42 U.S.C. § 12132.

7. Plaintiff seeks only prospective declaratory and injunctive relief against state-level defendants under *Ex parte Young*.

8. As a direct result of Defendants' failure to maintain accurate audit logs, Plaintiff lost appellate opportunities and was denied due process.

**COUNT II — Failure to Maintain ADA-Required Policies and Procedures**

**42 U.S.C. § 12132; 28 C.F.R. §§ 35.105–35.108**

**Defendants: SCAO, DTMB, FOC, Clerk's Office, Sheriff's Office (Official Capacities)**

1. Defendants were required to maintain:
   a. ADA grievance procedures;
   b. designated ADA coordinators;
   c. written modification policies;
   d. notice of ADA rights;
   e. accessible technology systems.

2. Defendants failed to maintain these required structures.

3. These failures constitute independent violations of Title II and its implementing regulations.

4. Defendants' systemic noncompliance denied Plaintiff meaningful access to public services.

5. Plaintiff was denied meaningful access to public services **by reason of his disabilities**, in violation of 42 U.S.C. § 12132.

6. As a direct result of Defendants' failure to maintain accurate audit logs, Plaintiff lost appellate opportunities and was denied due process.

---

**COUNT III — FOIA Violations (Michigan FOIA)**

**MCL 15.231 et seq.**

**Defendants: Clerk's Office, Sheriff's Office, FOC, SCAO, DTMB (Official Capacities)**

1. Plaintiff submitted multiple FOIA requests seeking:
   a. docket sheets;
   b. filings;
   c. service logs;
   d. support-accounting records;
   e. MiCOURT audit-log metadata;
   f. LEIN-related entries.

2. Defendants failed to:
   a. produce responsive records;
   b. issue lawful denials;
   c. certify nonexistence of records;

d. comply with statutory deadlines;

e. maintain required records.

3. Defendant Clerk violated:

a. MCL 15.235(2) — failure to respond within five business days;

b. MCL 15.235(3) — failure to issue lawful extension notices;

c. MCL 15.240(7) — arbitrary and capricious violations warranting punitive damages.

4. Defendants' FOIA violations deprived Plaintiff of information necessary to protect his rights.

5. As a direct result of Defendants' failure to maintain accurate audit logs, Plaintiff lost appellate opportunities and was denied due process.

## COUNT IV — LEIN-Related Due Process Violations

**Fourteenth Amendment; 42 U.S.C. § 1983**

**Defendants: MSP (Official Capacity), Unknown MSP Troopers (Individual Capacities)**

1. MSP maintained inaccurate LEIN entries concerning Plaintiff's:

a. case status;

b. warrant status;

c. bond information;

d. enforcement status.

2. MSP disseminated inaccurate information to law-enforcement agencies statewide.

3. MSP failed to provide Plaintiff with a meaningful mechanism to challenge or correct inaccurate entries.

4. Inaccurate LEIN entries caused:

a. improper bond determinations;

b. unlawful stops and detentions;

c. heightened enforcement scrutiny;

d. reputational harm;

e. adverse administrative decisions.

5. These failures deprived Plaintiff of due process under the Fourteenth Amendment.

6. All defendants acted under color of state law within the meaning of 42 U.S.C. § 1983.

7. As a direct result of Defendants' failure to maintain accurate audit logs, Plaintiff lost appellate opportunities and was denied due process.

---

## COUNT V — MiCOURT Audit-Log Failures

**Fourteenth Amendment; 42 U.S.C. § 1983**

**Defendants: SCAO, DTMB (Official Capacities)**

1. MiCOURT audit logs were:
   a. incomplete;
   b. missing;
   c. internally inconsistent;
   d. lacking metadata;
   e. missing entries for hearings that appeared on the docket.

2. These failures prevented Plaintiff from:
   a. verifying filing dates;
   b. confirming receipt of submissions;
   c. identifying unauthorized alterations to the docket.

3. Missing or inconsistent audit logs undermined the integrity of the judicial record.

4. These failures deprived Plaintiff of due process.

5. All defendants acted under color of state law within the meaning of 42 U.S.C. § 1983.

6. As a direct result of Defendants' failure to maintain accurate audit logs, Plaintiff lost appellate opportunities and was denied due process.

---

## COUNT VI — Administrative Due Process Violations (Recordkeeping & Enforcement)

**Fourteenth Amendment; 42 U.S.C. § 1983**

**Defendants: Sheriff's Office, FOC, Clerk's Office (Individual & Official Capacities)**

1. The Sheriff's Office failed to maintain accurate service-of-process logs, including:
   a. missing dates;
   b. missing times;
   c. missing methods;

    d. missing deputy identifiers;

    e. contradictory entries.

2. The FOC failed to maintain accurate support-accounting records, including:

    a. missing payments;

    b. incorrect arrearages;

    c. misapplied credits;

    d. inconsistent entries.

3. The Clerk's Office failed to maintain accurate docketing and financial records.

4. These failures deprived Plaintiff of notice, property, and meaningful participation in judicial processes.

5. All defendants acted under color of state law within the meaning of 42 U.S.C. § 1983.

6. As a direct result of Defendants' failure to maintain accurate audit logs, Plaintiff lost appellate opportunities and was denied due process.

---

## COUNT VII — Unlawful Seizure of Property (Bond Funds)

**Fourth Amendment; Fourteenth Amendment; 42 U.S.C. § 1983**

**Defendants: Clerk's Office, FOC, Sheriff's Office**

1. Plaintiff's bond funds were seized and disbursed without lawful authority.

2. No valid court order authorized the disbursement.

3. Plaintiff received no notice or opportunity to contest the seizure.

4. The unlawful disbursement constituted:

    a. a Fourth Amendment unlawful seizure;

    b. a Fourteenth Amendment deprivation of property without due process;

    c. a violation of Michigan statutory requirements governing bond accounts.

5. As a direct result of Defendants' failure to maintain accurate audit logs, Plaintiff lost appellate opportunities and was denied due process.

---

## COUNT VIII — Monell Liability (County Defendants)

**42 U.S.C. § 1983**

**Defendants: Ottawa County, Sheriff's Office, FOC**

1. Defendant maintained customs, policies, or practices that were the moving force behind the constitutional violations described herein. These customs were widespread, longstanding, and known to policymakers, who failed to take corrective action.

2. Ottawa County maintained customs and practices including:
   a. failing to maintain accurate service-of-process logs;
   b. failing to verify judicial signatures;
   c. failing to maintain accurate support-accounting records;
   d. failing to comply with FOIA deadlines;
   e. failing to maintain accurate MiCOURT audit logs.

3. These customs were widespread, longstanding, and known to policymakers.

4. The customs were the moving force behind Plaintiff's constitutional injuries.

5. Ottawa County maintained a widespread custom, practice, or policy of failing to maintain accurate records, failing to comply with FOIA deadlines, and failing to maintain service-of-process logs. These customs were longstanding, known to policymakers, and the moving force behind the constitutional violations suffered by Plaintiff.

6. As a direct result of Defendants' failure to maintain accurate audit logs, Plaintiff lost appellate opportunities and was denied due process.

---

## COUNT IX — Prospective Injunctive Relief (Ex parte Young)

### 42 U.S.C. § 1983; 28 U.S.C. §§ 2201–2202

**Defendants: SCAO, DTMB, MSP (Official Capacities)**

1. Plaintiff seeks prospective relief to correct ongoing administrative failures.

2. Defendants continue to maintain inaccurate records, defective systems, and noncompliant administrative structures.

3. Prospective relief is necessary to prevent ongoing violations of federal law.

4. As a direct result of Defendants' failure to maintain accurate audit logs, Plaintiff lost appellate opportunities and was denied due process.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff **Bradley Jay Dorland** respectfully requests that this Court enter judgment in his favor and grant the following relief:

Plaintiff seeks prospective declaratory and injunctive relief against state-level defendants (SCAO, DTMB, MSP) under Ex parte Young to remedy ongoing violations of federal law; compensatory and punitive damages against county-level defendants (Sheriff's Office, Clerk, FOC) under §1983 and Monell; statutory damages under Michigan FOIA; and ADA Title II compliance orders requiring the implementation of accessible administrative procedures.

### A. Declaratory Relief

A declaration pursuant to **28 U.S.C. §§ 2201–2202** that the policies, customs, practices, and administrative failures of Defendants **SCAO, DTMB, MSP, Ottawa County Sheriff's Office, Ottawa County Clerk, and Ottawa County Friend of the Court** violate Plaintiff's rights under:

1. The **First Amendment** (access to courts);
2. The **Fourth Amendment** (unlawful seizure of property);
3. The **Fourteenth Amendment** (procedural and substantive due process, equal protection);
4. **42 U.S.C. § 1983**;
5. **Title II of the Americans with Disabilities Act**, 42 U.S.C. § 12132;
6. **Michigan FOIA**, MCL 15.231 et seq.

### B. Prospective Injunctive Relief (Ex parte Young)

Against **SCAO, DTMB, and MSP** in their official capacities only:

1. **SCAO** must implement corrective measures to ensure:
   - accurate and accessible court-record systems;
   - compliance with statewide recordkeeping standards;
   - ADA-compliant administrative processes;

- oversight of Ottawa County's Clerk and FOC operations;
- proper maintenance of MiCOURT audit logs.

2. **DTMB** must:
- correct MiCOURT audit-log deficiencies;
- ensure ADA-compliant access to e-filing and digital records;
- maintain accessible and functional statewide court-technology systems.

3. **MSP** must:
- correct inaccurate LEIN entries pertaining to Plaintiff;
- implement procedures ensuring LEIN accuracy;
- provide a mechanism for individuals to challenge and correct erroneous LEIN data.

## C. Compensatory Damages

An award of compensatory damages against all **county-level defendants**, including:

- Ottawa County Sheriff's Office,
- Ottawa County Clerk (Justin F. Roebuck),
- Ottawa County Friend of the Court,
- Deputies and Doe Defendants in their individual capacities,

for injuries caused by unconstitutional administrative practices, including:

- loss of property,
- denial of access to courts,
- loss of appellate rights,
- emotional distress,
- reputational harm,
- financial harm from inaccurate accounting and enforcement actions.

### D. Punitive Damages

An award of punitive damages against **county-level defendants sued in their individual capacities** whose conduct was:

- malicious,

- reckless,

- arbitrary,

- capricious, or

- undertaken with deliberate indifference to Plaintiff's constitutional rights.

---

### E. FOIA Statutory Damages

Against the **Ottawa County Clerk**, including:

- statutory damages,

- punitive damages,

- attorney's fees and costs,

as permitted under **MCL 15.240(7)** for arbitrary and capricious violations of Michigan FOIA.

---

### F. Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs pursuant to:

- **42 U.S.C. § 1988**,

- **42 U.S.C. § 12133**,

- **MCL 15.240(7)**,

- and any other applicable authority.

---

### G. Any Further Relief

All requests for prospective relief are directed solely at state-level defendants in their official capacities under Ex parte Young, while all requests for damages are directed solely at county-level defendants in their individual and official capacities under §1983 and

Monell. No relief is sought against any judicial officer, and no claim challenges judicial rulings or judicial acts.

Any additional relief the Court deems just, proper, and equitable.

---

## VII. JURY DEMAND

Plaintiff **demands a trial by jury** on all issues so triable under the United States Constitution and federal law.

---

## VIII. VERIFICATION

I, **Bradley Jay Dorland**, declare under penalty of perjury under the laws of the United States of America that:

1. I am the Plaintiff in this action.

2. I have read the foregoing **Complaint for Systemic Administrative Failure and Violation of Federal Civil Rights**, and

3. To the best of my knowledge, information, and belief, the facts stated therein are true and correct.

4. This verification applies to all factual allegations based on Plaintiff's personal knowledge, records, and experience. All statements based on information and belief are believed to be true and are likely to have evidentiary support after reasonable opportunity for investigation and discovery, consistent with Fed. R. Civ. P. 11(b)(3). This verification is made pursuant to 28 U.S.C. § 1746.

I verify this Complaint pursuant to **28 U.S.C. § 1746**.

Executed on this 18 day of May, 2026, in Dorr, Michigan.

*Bradley Dorland*

**Bradley Jay Dorland**
PO Box 161
Dorr, MI 49323
Phone: 872-802-1493
Email: dorlandbj@hotmail.com