UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY JAY DORLAND,

Plaintiff,

v.

STATE COURT ADMINISTRATIVE OFFICE, et al.,

Defendants.
______________________________/

Case No. 1:26-cv-1619

HON. JANE M. BECKERING

**OPINION AND ORDER**

In May 2026, Plaintiff Bradley Jay Dorland, proceeding *pro se*, filed a Complaint against the State Court Administrative Office (SCAO); the Michigan State Police, and the Michigan Department of Technology, Management and Budget (collectively, "the State Defendants"); the Ottawa County Sheriff's Office, Ottawa County Clerk of Court Justin F. Roebuck, and the Ottawa County Friend of the Court (collectively, "the Ottawa Defendants"); and Unknown Parties named as "Does 1–10" (ECF No. 1). Plaintiff alleges various violations of his civil rights—"systemic administrative violations"—arising from an ongoing child visitation dispute in state court. The matter was referred to the Magistrate Judge. The Ottawa Defendants moved for a more definite statement, and the State Defendants moved to dismiss. Plaintiff moved for a preliminary injunction, seeking, in pertinent part, to "[e]njoin[] Defendants… from enforcing the grandparenting-time order" issued by the state court and "[s]uspend[] all enforcement actions against Plaintiff" (ECF No. 20 at PageID.164). Plaintiff also filed motions to waive bond, stay, expedite, and file a sur-reply. The Magistrate Judge issued a Report and Recommendation (R&R,

ECF No. 29), recommending that this Court grant Plaintiff's motion to file a sur-reply, grant the State Defendants' motion to dismiss, and deny the remaining motions. Plaintiff now presents seven objections to the Report and Recommendation, to which Defendants filed responses. For the following reasons, the Court denies Plaintiff's objections.

This Court's Local Rules require a party objecting to a magistrate judge's report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), in turn, require this Court to perform de novo consideration of those portions of the Report and Recommendation to which objections are made.

***First***, Plaintiff challenges the Magistrate Judge's determination that he failed to state a plausible claim under the Americans with Disabilities Act (ADA) against the State Defendants (Objs., ECF No. 53 at PageID.722–724). According to Plaintiff, he sufficiently alleged both intentional discrimination and failure to make reasonable accommodation (*id.*). Plaintiff contends that in finding his allegations insufficient, the Magistrate Judge applied an "improperly heightened pleading standard" to his pro se pleading (*id*. at PageID.724–725).

Plaintiff's argument lacks merit.

The Magistrate Judge correctly determined that even if Plaintiff has a qualified disability under the ADA, he failed to "link his claimed disability to the alleged actions of the State Defendants" and "offers no factual allegations that could plausibly show that he was discriminated against *in any manner* by the State Defendants due to his alleged disability, or that he made a valid request for accommodation that was improperly denied by any State Defendant" (R&R, ECF No. 51 at PageID.704–705) (emphasis added). *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.") (quoting FED. R. CIV. P. 8(a)(2)). Plaintiff's objection fails to address the pleading deficiencies identified by the Magistrate Judge.

To be sure, courts generally hold pro se pleadings to a less stringent standard than those drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006) (affirming the magistrate judge's determination that "even a pro se plaintiff must state and support all elements of a substantive claim to avoid an adverse judgment"). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (observing that neither the Supreme Court nor other courts have been willing to "abrogate basic pleading essentials in pro se suits"). A pro se complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678). This objection is properly denied.

***Second***, Plaintiff argues that the Magistrate Judge erred in declining to excuse his failure to properly plead a request for prospective injunctive relief against the State Defendants (Objs., ECF No. 53 at PageID.725–726). Plaintiff contends that given his pro se status, the Court is under an "obligation" to "construe the complaint as seeking relief against the appropriate official responsible for that conduct" (*id.* at PageID.726).

Plaintiff's argument lacks merit.

The Magistrate Judge properly held that "[b]y failing to sue a state official, [Plaintiff] simply did not comport with the requirements for avoiding Eleventh Amendment sovereign immunity under *Ex parte Young*" (R&R, ECF No. 51 at PageID.705–06, quoting *Proctor v. Bd. of*

*Medicine*, 718 F. App'x 325, 328 (6th Cir. 2017)). District courts "have no obligation to act as counsel or paralegal to pro se litigants" and are not "required to create" a pro se litigant's claim for him. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Thomas v. Romanowski*, 362 F. App'x 452, 456 (6th Cir. 2010); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003). Plaintiff's objection reveals no error by the Magistrate Judge and is properly denied.

***Third***, in a related objection, Plaintiff argues that the Magistrate Judge erred in determining that Plaintiff failed to allege any "ongoing violation of federal law" that would support prospective injunctive relief against the State Defendants (Objs., ECF No. 53 at PageID.728–729, quoting R&R, ECF No. 51 at PageID.706). However, as the State Defendants point out (ECF No. 54 at PageID.744), this objection, even if meritorious, does not compel a different disposition where Plaintiff may not maintain an *Ex parte Young* claim against a state or a state agency.

***Fourth***, in another related objection, Plaintiff argues that the Magistrate Judge improperly applied *Younger* abstention (Objs., ECF No. 53 at PageID.729–732). Again, this objection, even if meritorious, does not compel a different disposition of the State Defendants' motion to dismiss where Plaintiff failed to properly plead an *Ex parte Young* claim.

***Fifth***, Plaintiff challenges the Magistrate Judge's standing analysis, arguing that the Magistrate Judge applied a merits-stage standard rather than a pleading-stage standard (Objs., ECF No. 53 at PageID.732–734). Plaintiff's argument lacks merit. At the pleading stage, plaintiffs need to "'clearly ... allege facts demonstrating' standing." *Mackinac Ctr. for Pub. Pol'y v. Cardona*, 102 F.4th 343, 350 (6th Cir. 2024) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). The Magistrate Judge applied the proper standard, determining that Plaintiff's "general and conclusory allegations are insufficient to allege an injury in fact" and that Plaintiff's

allegations failed to identify an injury "traceable to any of the State Defendants" (R&R, ECF No. 51 at PageID.707–708). Plaintiff's objection is properly denied.

***Sixth***, Plaintiff challenges the Magistrate Judge's analysis of his motion for a preliminary injunction (Objs., ECF No. 53 at PageID.734–736). The Magistrate Judge thoroughly considered Plaintiff's motion, ultimately determining that Plaintiff was not entitled to the extraordinary remedy of preliminary injunctive relief (R&R, ECF No. 51 at PageID.708–711). While Plaintiff disagrees with the Magistrate Judge's assessment of his likelihood of success on the merits, Plaintiff's objections have failed to identify any factual or legal error by the Magistrate Judge. Where a movant is unlikely to succeed on the merits, "there is little reason for a court to take the drastic step of enjoining the opposing party at the onset of a suit." *Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400, 404 (6th Cir. 2024). Similarly, without irreparable injury, "a plaintiff cannot show why he needs relief now rather than at the lawsuit's end." *Int'l Union of Painters & Allied Trades Dist. Council No. 6 v. Smith*, 148 F.4th 365, 371 (6th Cir. 2025). Plaintiff's objection is properly denied.

***Seventh***, Plaintiff complains that although the Magistrate Judge granted him leave to file his sur-reply, the Magistrate Judge failed to reference the filing in the Report and Recommendation and "completely ignor[ed] its substantive content" and "new structural-bias evidence" pertaining to his *Ex Parte Young* claim and the issue of *Younger* abstention (ECF No. 53 at PageID.736–738). A magistrate judge is not obligated to reference every filing in a case, and the Court concludes that the Magistrate Judge's failure to make such reference in this Report and Recommendation does not indicate that the filing was not considered in assessing the State Defendants' motion to dismiss. That conclusion is especially apt here, where Plaintiff's *Ex Parte Young* claim against the state agencies was foreclosed for the reasons previously stated. Plaintiff's objection is properly denied.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 53) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 51) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file a sur-reply (ECF No. 36) is GRANTED, and the proposed submission (ECF No. 39) is accepted.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (ECF No. 19) and his related motions to stay (ECF No. 21), waive bond (ECF No. 24), and expedite (ECF No. 25) are DENIED.

**IT IS FURTHER ORDERED** that the Ottawa Defendants' motion to dismiss for a more definite statement (ECF No. 8) is DENIED, and the Ottawa Defendants shall, not later than September 17, 2026, file their Answer(s) or responsive pleading to Plaintiff's Complaint (ECF No. 1).

**IT IS FURTHER ORDERED** that the State Defendants' motion to dismiss (ECF No. 12) is GRANTED, and the State Court Administrative Office; the Michigan Department of Technology, Management and Budget; and the Michigan State Police are TERMINATED as Defendants in this case.

Dated: September 3, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge